WILLIAM H. FREEMAN, plaintiff in error, vs. V. A. GASKILL, defendant in error.

Defendant in injunction bill, was, by the sheriff, dispossessed of certain premises in dispute, for failure to comply with the terms of the injunction, and the complainant was put in possession. The complainant afterwards dismissed his bill in open court, without objection from the defendant. Subsequently, the defendant, by petition, accompanied with copies of the proceedings no longer in court, applied to the Judge at Chambers, to be restored to the possession thus lost, giving no notice of the application to his adversary: *Held*, That, as the case then stood, it was right to refuse the application.

In equity. Petition at Chambers. Decided by Judge WARNER. May 1866.

The defendant in error, Gaskill, filed his bill in equity against Freeman, the plaintiff in error, returnable to the April term, 1866, of Fulton Superior Court, alleging divers matters touching the renting and possession of a certain blacksmith's shop, and praying for an injunction to restrain Freeman from further having, working, using, renting, or occupying said shop, except upon certain conditions, and upon failing to comply therewith, that he be immediately turned out of possession.

Judge Bigham, to whom the bill was presented, sanction-ed the same; at the same time appointing a receiver, and declaring in the order of appointment, that in case the receiver failed or refused to act, the defendant was enjoined in terms of the prayer of the bill, until after paying into the hands of the Clerk, a certain sum for rent, and giving security for certain future payments, monthly in advance. A writ of injunction was issued by the Clerk; and the sheriff returned thereon that he had executed it by turning the de-fendant out of possession, and giving possession of the premi-ses to the complainant.

At the appearance term of the cause, the defendant an-swered the bill, and moved to dissolve the injunction. Pend-ing the argument of the motion, the complainant dismissed his bill in open Court, (the defendant not objecting) and judgment was entered up against him for costs.

On the 8th of May, thereafter, the defendant in the bill, without giving any notice of his application to the com-plainant, presented to Judge Warner, at Chambers, the original papers in the cause, together with a petition, veri-fied by affidavit, alleging, that since the dismissal of the bill, he had demanded of the complainant the possession of said premises, and that he refused to deliver up the same, and praying the Judge to grant an order restoring the pos-session to defendant, as fully as if said injunction had never been granted, or such other order as would comport with the rights of all parties in interest.

The Judge refused the application, and that is complained of as error.

GARTRELL & HILL, and BARNETT & BLECKLEY, for plaintiff in error.

BROWN, representing D. F. HAMMOND, for defendant.

HARRIS, J.

This is a very strange case, as presented by the record. The defendant in error had a suit in ejectment, against Freeman, pending at the time he filed a bill of an extraordinary character, wherein he prayed the appointment of a receiver of the rent of the blacksmith shop in controversy, and, upon the failure of Freeman to pay monthly in advance the rent, that he be dispossessed, and the property delivered to the receiver. The prayor of the bill was almost literally embodied in the sanction of the then Circuit Judge, of the injunction.

In the event of the failure of the receiver appointed, to act, it was ordered that the Clerk of the Superior Court of Fulton county should.

The injunction was served on Freeman—he refused to comply with its terms : he was then dispossessed by the sheriff, and the defendant in error, Gaskill, placed in possession of the premises in dispute, (without any requirements of him to pay the monthly rent or value of the use of the shop) that they might be held by the receiver to abide the result of the litigation between the parties. Subsequently, during the next term of the Superior Court, after the case had been called on the docket, and during the term, the complainant dismissed his bill. Whether he also dismissed his ejectment suit, does not appear. The possession having thus been changed, it will be for the Court to decide whether that suit can be retained or not. Since the adjournment of Fulton Court, the counsel of Freeman, dissatisfied with the turn the litigation had taken, made application, by petition to Judge Warner, the presiding Judge of that circuit, to restore Freeman to his original possession. This was refused, on the ground that the proceeding was too summary.

We concur in the judgment pronounced.

We do not find in the record any motion to compel complainant to re-instate his bill to cause the shop to be put in

the possession of the Clerk of the Court as receiver. Had this been moved during term-time, we will not say but that the action indicated might have been followed up in vacation, upon petition and reasonable notice for such orders as might be necessary to his restoration to his original rights.

It is for counsel of Freeman to take such step, if wrong has been done their client, as may vindicate his rights; and we make no doubt but that the Circuit Judge will, when a proper application shall have been made in Court therefor, so order, that the process of the law shall not be abused by his officer, or permit a party litigant, through any instrumentality, or management, to obtain an undue and in equitable advantage over the other, who claims, as the record shows, *bona fide* title to the premises in dispute.